IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BOILERMAKER-BLACKSMITH )
NATIONAL PENSION FUND, et al., )
 )
      Plaintiffs, )
 )
v. )
 ) No. 09-2110-CM/DJW
 )
MICRO METAL FINISHING, L.L.C., )
 )
      Defendant. )
 )

## MEMORANDUM AND ORDER

In this ERISA action, filed March 5, 2009, plaintiffs claim damages arising from (1) defendant's failure to report and pay fringe benefit contributions to plaintiffs and (2) defendant's breach of a settlement agreement. Defendant failed to appear or otherwise defend, and the Clerk of the Court entered default against defendant on July 9, 2009. Before this court is plaintiffs' Motion for Default Judgment, (Doc. 9), seeking an award of damages, including attorney's fees, in the amount of $30,093.19.

Once default is entered, a defendant is deemed to have admitted the plaintiff's well-pleaded allegations of fact. *Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1125 (10th Cir. 2003). The pleadings, as supplemented by the instant motion and supported by the affidavits of Richard Calcara and Scott Brown, set out the amount of damages as follows:

| | | |
|---|---|---|
| Count I | Liquidated Damages: | $10,236.27 |
| | Interest to 9/23/09: | $ 5,868.03 |
| | TOTAL I: | $16,104.30 |
| Count II | Balance of Settlement Agreement: | $   496.16 |
| | Interest to 9/25/09: | $   475.34 |

|                                   |             |
|-----------------------------------|-------------|
| Attorney's Fees:                  | $ 8,119.39  |
| Costs:                            | $ 407.50    |
| TOTAL II:                         | $ 9,498.39  |
| Attorney's fees for this action:  | $ 3,978.00  |
| Costs of this action:             | $ 512.50    |
| TOTAL JUDGMENT:                   | $30,093.19  |

Plaintiffs' claims for attorney's fees and costs are permitted under the terms of the collective bargaining agreements between the parties and are enforceable under applicable law. *Farmers Cas. Co. v. Green*, 390 F.2d 188, 192 (10th Cir. 1968) (holding that, under Kansas law and traditionally, attorney's fees can be awarded only if provided by contract or authorized by statute); 29 U.S.C. § 1132(g)(2) (authorizing an award of, inter alia, the plan's reasonable attorney's fees and costs of the action). In determining a reasonable amount to be awarded, the court multiplies the number of hours reasonably expended on the litigation by a reasonable hourly rate ("lodestar"), *Blum v. Stenson*, 465 U.S. 886, 888 (1984); *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), and may then adjust the fee upward or downward as appropriate. *Hensley*, 461 U.S. at 434. The court considers the nature and extent of the services supplied, the customary hourly rate of compensation, the number of hours expended, the skill required, the complexity of the case, and the success achieved. *Dutton v. Johnson County Bd. of County Comm'rs,* No. 93-2184-JWL, 1995 WL 337588 (D. Kan. May 26, 1995) (citing *Martin v. Cavalier Hotel Corp.*, 48 F.3d 1343, 1359 (4th Cir. 1995)). The court finds that plaintiffs have established these amounts through affidavits and otherwise, and that these figures, which include fees related to this action ($3,978.00), and arising from noncompliance with the settlement agreement ($8,119.39), are reasonable.

Upon plaintiffs' Motion for Default Judgment, this court finds that defendant Micro Metal Finishing, L.L.C. is in default and entry of default judgment is proper pursuant to Federal Rule of Civil Procedure 55.

**IT IS THEREFORE ORDERED** that plaintiffs' Motion for Default Judgment (Doc. 9) is granted.

**IT IS FURTHER ORDERED THAT** judgment is entered in favor of the plaintiffs and against defendant Micro Metal Finishing, L.L.C., in the amount of Thirty Thousand Ninety-three and 19/100 Dollars ($30,093.19).

Dated this 13th day of October 2009, at Kansas City, Kansas.

> **s/ Carlos Murguia**
> **CARLOS MURGUIA**
> **United States District Judge**